Our final case for today is Perez-Covarrubias v. Holder. And we'll hear from Mr. Conte. Good afternoon. Good afternoon. Good afternoon, Your Honors. May it please the Court, my name is Suare Conte. I'm here on behalf of Perez-Covarrubias. The issue we have before the Court this morning has been dealt with before, but we are asking the Court to revisit this issue in light of other cases from other jurisdictions. Mr. Covarrubias is from Mexico, and he is the father of two United States children born in Avon, Indiana. The mother of the children is a non-U.S. citizen and does not have legal status to remain in the country. In 2011, Mr. Covarrubias came to the attention of DHS during routine criminal operations conducted by the agency. So isn't the real question in this case, though, whether failing to write the correct date on your calendar is an exceptional circumstance, excusing your absence at the hearing? He writes the 7th instead of the 6th. It seems to me, if that's exceptional, then I can't even imagine what ordinary is. Well, Your Honor, and that is the issue in this case. But what the Board of Immigration Appeals itself has said is that you have to look at this case under the totality of circumstances analysis. And that's what I'm hoping you're going to do, because what I am wondering is, is there anything in particular that could make his situation different from all the other cases in which an alien mistakenly misses a hearing date? What is it in this case? Well, Your Honor, in answering that question, and I also called the Court's attention to a case I cited in the brief, which is the Kawisa case from the First Circuit. And also, during my reading last night, I found a case from the Sixth Circuit, which also kind of followed the analysis in Kawisa. And that case is Acqua v. Holder. And the citation is 589 Federal 3rd, 332. It's a 2009 case from this. You should file that with a letter for supplemental authority. Okay. Okay, Your Honor, I will. Let's look at the Uri Stegui case. There's only one similarity between that case and Mr. Perez-Cuvarabias' case. Number one, that is, there was a mistake in terms of the hearing date. But Uri Stegui was represented by counsel, and she at least made three, two court appearances before missing her third court appearance. Mr. Cuvarabias did not have any chance at all of appearing before the judge. But he concedes he received notice, actually gets two notices of the hearing, because the court moved. But the date didn't change. Right. And it's not like he says, no one ever told me it was November 6th. Well, Your Honor, this is a mistake or fact on his behalf. Is it a reasonable mistake? Well, that's right. It's a mistake, but all mistakes are not created equal under this law, and only those that somehow flow from extraordinary circumstances, only extraordinary circumstances, and the statute gives you, you know, help to see what is extraordinary. And, boy, are you writing the wrong date down? Your Honor, on the Carissa case, for example, from the first circuit, and I'm not saying this court should adopt that decision, but it was the same thing that was admitted. No, you see, that's the problem. It wasn't the same thing. Carissa waited only six days after missing her hearing. Here we have a four-month wait. Carissa was going to be sent back to Uganda, where she faced just terrible, dire consequences. What are, you know, what? Well, in this case, although Mr. Cuvarrubias was not going to be subjected to persecution, but in this case, he had two young children who would have had to remain or move with him to Mexico. But there's no evidence that they had, for example, medical needs that could be addressed only in the United States or anything. From what I can see from the record, there's no reason why his wife and children couldn't move back to Mexico with him. Well, Your Honor, I mean, at the initial stage when the application itself was submitted to the court during the filing of the motion. Well, tell me, what is it about the children, other than the fact that he has children here with his undocumented wife, that means they need to stay here? Well, Your Honor, at the time that the motion to reopen was filed with the cancellation application, evidence had not been developed to demonstrate to the court the exceptional hardship that they would suffer. But it needed to be included with the motion to reopen, and it's not. It's just their children. Your Honor, but both the IJ and the Board of Immigration have really never even looked at that. All they looked at is that he did not appear in court when he was supposed to. And that he didn't have a compelling reason for not doing it. You know, he wasn't robbed on the highway on his way to court and simply unable to show up at the right time. It's something. Well, Your Honor, I think it is the Board of Immigration itself that said you have to look at all the circumstances. Yes, but it would make for a very inefficient system to process these immigration matters if a notice saying November 6th really means just on or about. If you don't show up then, if you show up a day later or two days later, that's okay. How could the system operate? How can we say it's an abuse of discretion for the date to be enforced unless there is some compelling circumstance? Well, Your Honor, and Mr. Kouvarebias did submit an affidavit in this case. Now, you have to look at the factors. What are the incentives for this man? I think the policy reason for making this an exceptional circumstance requirement is that people do not delay court proceedings. And most times this happens when someone does not have something to hang on. But in this case, he did have. And one of the things that he cited in the affidavit... He delayed it four months. And here we are, you know, it's December. He actually delayed it a lot longer than that. Well, Your Honor, in the affidavit he did indicate that, and that has not been contested, that in fact he contacted attorneys who he was told that in fact he had to go back to Mexico. So he was looking around before he found somebody that can lead him the right way. And the fact is that he did have some incentive for coming to court. And one of the things he indicated is that he had paid $5,000 for his bond. I think that's money that in fact he was interested in getting. So apart from the children, he had $5,000 that he was looking forward to getting back because he was told that when the proceedings were terminated, he was going to get that money back. And obviously, we bring in the issue regarding the children. Your Honor has indicated that we did not submit evidence to show that they would suffer exceptional hardship if Mr. Kouhourebias was not in the United States. And really, the time was not sufficient to develop that evidence. And I think if he had been allowed time to come to court and present his case, he would have done so. And I think based on that, the court should revisit that decision in your state way and see whether or not the cases from the First Circuit and the Sixth Circuit can be looked at to expand the meaning of exceptional circumstances. Okay. I'm going to take the rest of your time for rebuttal. We'll hear from Ms. Monaco. Good afternoon. May it please the Court. Carrie Monaco representing the Respondent Attorney General Eric Holder in this matter. In this immigration case, the Board of Immigration Appeals did not abuse its discretion in denying Perez's motion to rescind his in absentia removal order. Perez does not dispute that he received proper adequate notice of his hearing date. He simply misremembered the date and failed to appear. And as the agency concluded, Perez's failure to correctly remember the date of his hearing, particularly when he could have double-checked the notice at any time before the hearing, was not an exceptional circumstance beyond his control that would warrant rescission of the removal order. Now, the record shows that he's competent in English, right? Or does it? There's no indication of whether he would have needed an interpreter or not. The notice to appear indicates that the warnings for failure to appear were provided to him in Spanish as well as English. It's written English on the notice, and then they were provided orally to him in Spanish. And he does not dispute that he understood the notice. My counsel's argument trying to distinguish Uriostegui on the grounds that that petitioner had an attorney seems to be irrelevant here. There's no indication that Mr. Perez failed to understand the notice and failed to understand what date his hearing was scheduled for. As indicated in the statute, a removal order entered in absentia may only be rescinded upon the showing that exceptional circumstances prevented the alien from appearing at the hearing. In this case, failure to remember the proper date of the hearing is not an exceptional circumstance. As the court noted in Uriostegui, that type of situation is not akin to the examples provided in the statute. It's not one of the compelling reasons given as an example. And even looking at the totality of the circumstances in this case, what the court should be looking at is the totality of the circumstances in whether the individual was prevented from appearing due to an exceptional circumstance. And all the petitioner has presented in this case is his failure to appear at the hearing as scheduled. This is in line with the court's decision in Uriostegui. And the petitioner has not provided any compelling reasons why he failed to appear or why this court's decision in Uriostegui should not control. Unless the court has any further questions, I'll urge the court to deny the petition for review. Thank you. All right, thank you. Anything further, Mr. Conte? Yes. Your Honors, I think in this case we have to look at the interest at stake. And again, I would ask the court that we have not developed the type of consequences that his twin daughters would face if they were sent back to Mexico. This is why I believe this is the court's obligation to give him a chance to have a day in court. And I think this is a fundamental aspect of American justice. You have to allow someone to have his day in court. And I think if he shows up in court, if he's allowed his day in court, he has plenty of evidence to support the relief that he will be seeking before he will receive it. Cancellation, right? Yes, Your Honor. Thank you, Judge. All right, thank you. Thanks to both counsel. We'll take the case under advisement, and the court will be in recess. Thank you.